FILED
2015 Jan-21  PM 04:35
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

BRIDGETT DAWN PAYNE,                )
                                    )
              Plaintiff,            )
                                    )
vs.                                 )          2:13-cv-00541-LSC
                                    )
CAROLYN W. COLVIN,                  )
Commissioner of Social Security,    )
                                    )
              Defendant.            )

# MEMORANDUM OPINION

## I.    Introduction

The plaintiff, Bridgett Dawn Payne, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB").  Ms. Payne timely pursued and exhausted her administrative remedies and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Ms. Payne was thirty-eight years old at the time of the Administrative Law Judge's ("ALJ's") decision, and she has a high school education. (Tr. at 52.) She does not have any past relevant work experience. (Tr. at 53.) Ms. Payne claims that she

became disabled on August 19, 2009, for a number of medical reasons, including knee injury, arthritis, back problems, bursitis, diabetes, high blood pressure, depression, anxiety, and insomnia. (Tr. at 52, 150.)

The Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled and thus eligible for DIB or SSI. *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The evaluator will follow the steps in order until making a finding of either disabled or not disabled; if no finding is made, the analysis will proceed to the next step. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The first step requires the evaluator to determine whether the plaintiff is engaged in substantial gainful activity ("SGA"). *See id.* §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the plaintiff is engaged in SGA, the evaluator moves on to the next step.

The second step requires the evaluator to consider the combined severity of the plaintiff's medically determinable physical and mental impairments. *See id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An individual impairment or combination of impairments that is not classified as "severe" and does not satisfy the durational requirements set forth in 20 C.F.R. §§ 404.1509 and 416.909 will result in a finding of not disabled. *See* 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). The decision depends on the medical evidence contained in the record. *See Hart v. Finch*, 440 F.2d

1340, 1341 (5th Cir. 1971) (concluding that "substantial medical evidence in the record" adequately supported the finding that plaintiff was not disabled).

Similarly, the third step requires the evaluator to consider whether the plaintiff's impairment or combination of impairments meets or is medically equal to the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *See* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the criteria of a listed impairment and the durational requirements set forth in 20 C.F.R. §§ 404.1509 and 416.909 are satisfied, the evaluator will make a finding of disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

If the plaintiff's impairment or combination of impairments does not meet or medically equal a listed impairment, the evaluator must determine the plaintiff's residual functional capacity ("RFC") before proceeding to the fourth step. *See id.* §§ 404.1520(e), 416.920(e). The fourth step requires the evaluator to determine whether the plaintiff has the RFC to perform the requirements of his past relevant work. *See id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the plaintiff's impairment or combination of impairments does not prevent him from performing his past relevant work, the evaluator will make a finding of not disabled. *See id.*

The fifth and final step requires the evaluator to consider the plaintiff's RFC, age, education, and work experience in order to determine whether the plaintiff can

make an adjustment to other work. *See id.* §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  If the plaintiff can perform other work, the evaluator will find him not disabled.  *Id.*; *see also* 20 C.F.R. §§ 404.1520(g), 416.920(g).  If the plaintiff cannot perform other work, the evaluator will find him disabled.  20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g), 416.920(a)(4)(v), 416.920(g).

Applying the sequential evaluation process, the ALJ found that Ms. Payne met the insured status requirements of the Social Security Act through March 31, 2011. (Tr. at 30.) He further determined that Ms. Payne has not engaged in substantial gainful activity since the alleged onset of her disability. (*Id.*) According to the ALJ, Plaintiff's old remote compression fracture with minimal degenerative disc disease of the thoracic spine; scoliosis of the lumbar spine; occasional bursitis flare and degenerative joint disease of the right shoulder; degenerative joint disease of the right knee; degenerative joint disease of the hip; dysthymic disorder; and panic disorder with agoraphobia are considered "severe" based on the requirements set forth in the regulations. (*Id.*) However, he found that these impairments neither meet nor medically equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. at 31.) The ALJ did not find Ms. Payne's allegations to be totally credible, and he determined that she has the following residual functional capacity: light work, except she should avoid concentrated exposure to extreme cold, heat,

humidity and vibrations; she cannot work from unprotected heights; she can only occasionally stoop, kneel, crouch, or climb stairs and ramps; and she cannot climb ropes, ladders, and scaffolds. (Tr. at 33.) He determined that mentally Ms. Payne can understand, remember and carry out instructions sufficient to perform simple, routine, repetitive tasks; she can maintain concentration, persistence and pace for periods up to 2 hours with routine breaks. (*Id.*) He restricted Ms. Payne to a low stress work environment, defined as occasional changes in the work setting; and concluded that Ms. Payne should work with things rather than people, and should preferably be provided a well-spaced work environment with only occasional supervision. (*Id.*)

According to the ALJ, Ms. Payne has no past relevant work, she is a "younger individual," and she has at least a high school education, as those terms are defined by the regulations. (Tr. at 40-41.) He determined that transferability of job skills was not an issue because Ms. Payne does not have any past relevant work. (Tr. at 41.) The ALJ found that Ms. Payne has the residual functional capacity to perform a significant range of light work. (*Id.*) Even though Plaintiff cannot perform the full range of light work, the ALJ used Medical-Vocation Rule 202.20 as a guideline for finding that there are a significant number of jobs in the national economy that she is capable of performing, such as housekeeper, production assembler, and mail clerk. (*Id.*) The ALJ concluded his findings by stating that Ms. Payne "has not been under a disability, as

defined in the Social Security Act, from August 19, 2009, through the date of this decision." (Tr. at 42.)

II.    Standard of Review

This Court's role in reviewing claims brought under the Social Security Act is a narrow one.  The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied.  *See Stone v. Comm'r of Soc. Sec.*, 544 F. App'x 839, 841 (11th Cir. 2013) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)).  This Court gives deference to the factual findings of the Commissioner, provided those findings are supported by substantial evidence, but applies close scrutiny to the legal conclusions.  *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).

Nonetheless, this Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner.  *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)). " The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.' "  *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir.

1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)).  Indeed, even if this Court finds that the proof preponderates against the Commissioner's decision, it must affirm if the decision is supported by substantial evidence.  *Miles*, 84 F.3d at 1400 (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

However, no decision is automatic, for "despite th[e] deferential standard [for review of claims], it is imperative that th[is] Court scrutinize the record in its entirety to determine the reasonableness of the decision reached."  *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987) (citing *Arnold v. Heckler*, 732 F.2d 881, 883 (11th Cir. 1984)).  Moreover, failure to apply the correct legal standards is grounds for reversal.  *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

## III.   Discussion

Ms. Payne alleges that the ALJ's decision should be reversed and remanded for two reasons. First, she believes that the ALJ failed to properly consider the severity of all of her ailments. (Doc. 9 at 4.) Second, Plaintiff contends that the ALJ failed to properly consider the opinion evidence from her treating physician. (*Id.*)

### A.   Severity of Ailments

Plaintiff contends that the decision of the ALJ should be reversed and remanded to "properly consider all of her ailments." (Doc. 9 at 6.) Plaintiff appears to argue that

the ALJ's error in this area is not finding that a rotator cuff injury in her right shoulder was severe. (Doc. 9 at 4-5.) In reaching his disability determination, the ALJ concluded that the plaintiff suffered several severe impairments, and a few impairments he classified as non-severe.  (Tr. at 30-31.)  Plaintiff argues that the ALJ should have concluded that the rotator cuff injury was severe in his step two analysis, and that the ALJ failed to properly consider the rotator cuff injury among his list of severe and non-severe impairments when determining her RFC. (Doc. 9 at 4-5.)

The ALJ must consider the combined effect of all impairments in the assessing of the claimant's disability. *Walker v. Bowen*, 826 F.2d 996, 1001 (11th Cir. 1987). A plaintiff should be considered in the whole and not evaluated in the abstract as having several hypothetical and isolated illnesses. *Davis v. Shalala*, 985 F.2d 528, 532-33 (11th Cir. 1993).  Importantly, however, "[n]othing requires that the ALJ must identify, at step two, all of the impairments that should be considered severe," provided the ALJ considered the claimant's impairments in combination. *Heatly v. Comm'r of Soc. Sec.*, 382 F. App'x 823, 825 (11th Cir. 2010).  Moreover, the Eleventh Circuit has held that "[e]ven if the ALJ erred in not indicating whether [a condition] was a severe impairment, the error was harmless because the ALJ concluded that [the claimant] had a severe impairment; and that finding is all that step two requires." *Id.* at 824-25.

Here, the ALJ considered all of Plaintiff's impairments in evaluating his claim,

including in assessing his RFC. (Tr. at 34-40.) Indeed, the ALJ sufficiently considered the combined effects of the plaintiff's impairments at steps three and four of the assessment process. (Tr. at 31-40.)   At step three, the ALJ assessed that "[t]he claimant does not have an impairment *or combination of impairments* that meets or medically equals one of the listed impairments. . ." (Tr. at 31.) (emphasis added).   The ALJ's finding at step three that Plaintiff did not have an "impairment or combination of impairments" that met or equaled a listed impairment has been held by the Eleventh Circuit to be sufficient to show that the ALJ considered the combined effect of Plaintiff's impairments. *See Hutchinson v. Astrue*, 408 F. App'x 324, 327 (11th Cir. 2011); *Wilson v. Barnhart*, 284 F.3d 1219, 1224-1225 (11th Cir. 2002).  At step four, the ALJ made her assessment "[a]fter careful consideration of the entire record." (Tr. at 33.)   Further, the ALJ "considered all symptoms and the extent to which these symptoms" could reasonably be construed as consistent with the objective medical evidence. (*Id.*) Thus, this Court finds that the ALJ's findings are sufficient to establish that the ALJ properly considered the combined effects of all of Plaintiff's impairments. *See, e.g., Wilson*, 284 F.3d at 1224-25.

The Plaintiff also points to the fact that the ALJ failed to list the rotator cuff injury among his list of the Plaintiff's impairments, whether severe or non-severe. However, the essential question to the ALJ's RFC determination is the extent to

which Plaintiff's impairments limited her ability to work during the relevant period, not how severe the injury might have been or even whether the injury exists. *See Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005).  After reviewing the evidence, the ALJ found that Plaintiff had the RFC to perform a range of light work.  (Tr. at 33.) *See* 20 C.F.R. §§ 404.1567(b), 416.967(b) (defining light work).  Plaintiff failed to prove that her rotator cuff injury was an additional "severe impairment," or that the rotator cuff injury—whether it was severe or not—added additional limitations on her ability to work during the relevant period.

### B.    Opinion of Treating Physician

Plaintiff contends that the ALJ did not give proper weight to the opinion of her treating physician, Dr. David Wilson (Doc. 9 at 6-7.)  A treating physician's testimony is entitled to "substantial or considerable weight unless 'good cause' is shown to the contrary." *Crawford v. Commissioner of Social Security*, 363 F.3d 1155, 1159 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)) (internal quotations omitted).  The weight to be afforded a medical opinion regarding the nature and severity of a claimant's impairments depends, among other things, upon the examining and treating relationship the medical source had with the claimant, the evidence the medical source presents to support the opinion, how consistent the opinion is with the record as a whole, and the specialty of the medical source. *See* 20

C.F.R. §§ 404.1527(d), 416.927(d).  Furthermore, "good cause" exists for an ALJ to not give a treating physician's opinion substantial weight when: " (1) the treating physician's opinion was not bolstered by the evidence; (2) the evidence supported a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004) (*citing Lewis*, 125 F.3d at 1440).

The ALJ showed "good cause" for discounting Dr. Wilson's opinion.  The ALJ afforded Dr. Wilson's opinion little weight because it was too restrictive, did not cite to clinical or objective findings in support, and was not supported by the greater weight of the clinical findings or the findings of the other examining or reviewing sources. (Tr. at 40.)

The record supports the ALJ's conclusion that Dr. Wilson's opinions was not supported by the weight of the evidence. As the ALJ stated, Dr. Wilson did not cite to any specific clinical or laboratory findings for any of the restrictions he imposed, instead referencing the Plaintiff's subjective reports of pain. (Tr. at 317-20.)    The lack of objective evidentiary support for Dr. Wilson's opinion provide evidence in favor of the ALJ's decision to discount that opinion.[1]

---

[1] The Plaintiff also points to an earlier Treating Physician Statement by Dr. Wilson, dated October 30, 2008. This opinion was submitted by the Plaintiff for the first time to the Appeals Council. (Tr. at 5.) This statement also cites only to pain complaints, rather than any objective

As noted by the ALJ, the "findings generally of other examining or reviewing sources" do not support Dr. Wilson's opinion. (Tr. at 40.) For example, the ALJ stated that he gave "some weight" to the opinions in the State agency assessments, including that of state agency medical consultant Robert H. Helipern, M.D. (Tr. at 40, 298.) State agency consultants are highly qualified specialists who are also experts in the Social Security disability evaluations. *See* 20 C.F.R. §§ 404.1527(e)(2)(i), 416.927(e)(2)(i). In March 2010, Dr. Heilpern examined the medical evidence of record, as well as Plaintiff's daily activities such as taking care of children, cooking, and washing, and determined that her allegations were only partially credible because the claimed severity of her impairments were "not consistent with the objective medical evidence in file." (Tr. at 298.)

The ALJ gave "great weight" to the opinion of consultative examiner Mina Saleem Khan, M.D. (Tr. at 40.) In January of 2010, the same year as Dr. Wilson's medical source statement, Dr. M. Khan indicated normal range of motion in Plaintiff's neck; no tenderness in the back to palpitation over the spine, a normal range of motion of the lumbar spine, some clinical evidence of scoliosis, and negative straight leg

---

clinical findings, in support of the limitations it imposes. (Tr. at 365-67.) Plaintiff questions whether the ALJ reviewed this medical source statement. (Doc. 9 at 6.) Whether or not the ALJ considered the 2008 statement, it was considered by the Appeals Council, who reasonably determined that it did not provide a basis for changing the ALJ's decision. (Tr. 2, 4.)

raising bilaterally; normal range of motion of all joints tested in the upper and lower extremities, with no erythema, warmth, swelling, or joint deformities noted; gait was normal without any assistant devices, and fine and gross manipulation was normal. (Tr. at 290-91.) Dr. M. Khan's findings do not support the limitations in Dr. Wilson's opinion testimony. For example, Dr. M. Khan reported normal fine and gross manipulation; Dr. Wilson stated that Plaintiff's disorder would limit both "Simple Grasping" and "Fine Manipulation" because the Plaintiff reported "Arm+back pain," such as difficulty and pain in opening a coke bottle or grasping a toothbrush. (Tr. at 291, 318.) These opinions, along with the other opinions of examining or reviewing sources, provide substantial evidence in favor of the ALJ's decision to give little weight to the treating physician's opinion.

The lack of substantive support for Dr. Wilson's opinions, along with the findings of the other examining or reviewing sources, provide substantial support for the ALJ's decision to accord little weight to the treating physician's opinion.

IV.    Conclusion

Upon review of the administrative record, and considering all of Ms. Payne's arguments, the Court finds the Commissioner's decision is supported by substantial evidence and in accord with the applicable law. A separate order will be entered.

Done this 21<u>st</u> day of <u>January 2015</u>.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

177825